UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------x

GIOVANNI CASTILLO,                     :
                                                01 Civ. 6671 (LMM)
                    Petitioner,        :        (99 Cr. 513 (LMM))

          - v -                        :        MEMORANDUM AND ORDER

UNITED STATES OF AMERICA,              :

                    Respondent.        :

----------------------------------x

McKENNA, D.J.,

                         **1.**

          On November 12, 1999, petitioner pleaded guilty, pursuant

to a written plea agreement, to a one count indictment charging him

with conspiring, between at least on or about February 16, 1999,

through on or about February 18, 1999, to distribute and possess

with intent to distribute 5 kilograms and more of cocaine, in

violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 846.

          The plea agreement contained a Guidelines stipulation in

which petitioner agreed that he had distributed at least 15 but

less than 50 kilograms of cocaine, the government acknowledged that

petitioner appeared to be eligible for "safety valve" relief under

18 U.S.C. § 3553(f) and U.S.S.G. §§ 5C1.2 and 2D1.1(b)(6),[1] and an

offense level of 29 and a criminal history category of I were

stipulated, resulting in an agreed Guidelines sentencing range of

─────────────────

    [1] Now U.S.S.G. § 2D1.1(b)(9).

87-108 months (not subject to a mandatory 120 month minimum).  The

plea agreement also contained petitioner's agreement that he would

not appeal or litigate under 28 U.S.C. § 2255 any sentence within

or below that 87-108 month range.

Petitioner was sentenced on June 26, 2000, principally to

87 months of imprisonment.  He did not appeal.  In a petition dated

June 25, 2001, he seeks an order pursuant to 28 U.S.C. § 2255

vacating his sentence.

**2.**

Petitioner claims that his counsel was ineffective in

failing to develop an entrapment defense and in allowing him to

plead guilty pursuant to a plea agreement acknowledging that he

conspired to distribute at least 15 but less than 50 kilograms of

cocaine, rather than to indictment specifying only 5 or more

kilograms of cocaine, the difference, in petitioner's view,

constituting a variance.  Petitioner also claims that his plea was

not knowing and voluntary because counsel did not explain the

nature of the charge and the consequences of a guilty plea.

> In order to sustain a claim of ineffective
> assistance of trial counsel it must be shown that
> (1) counsel's performance was deficient and (2) the
> deficient performance prejudiced the defense.  To
> establish prejudice "[t]he defendant must show that
> there is a reasonable probability that, but for
> counsel's unprofessional errors, the result of the
> proceeding would have been different. A reasonable
> probability is a probability sufficient to
> undermine confidence in the outcome." Id. at 694.
> This court has adopted the Strickland test in
> assessing claims of ineffective appellate counsel.

Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir. 1995) (citing and quoting Strickland v. Washington, 466 U.S. 668, 687, 694 (1984)) (other citation omitted).

In the present case, petitioner, in pleading guilty pursuant to the written plea agreement, testified under oath that he had discussed the charge against him with counsel (Transcript, Nov. 12, 1999, at 4), that he read the plea agreement and discussed it with counsel (id. at 4-5), that the agreement as written correctly stated his agreement with the government (id. at 5), and that he was satisfied with the representation he had received from counsel.  (Id. at 4.)  Petitioner was advised by the Court of the 87 to 108 month sentence range he had agreed to (id. at 2), and of what the government would be required to prove at trial to obtain a conviction.  (Id. at 9-10.)  Such "[s]olemn declarations in open court carry a strong presumption of verity."  Blackledge v. Allison, 431 U.S. 63, 74 (1977).

To sustain a claim that counsel was ineffective for failing to raise an entrapment defense, petitioner would have to show that "(1) the government by its conduct induced the commission of the crime for which the defendant is being prosecuted, and (2) the defendant lacked a predisposition to engage in such criminal conduct."  United States v. Damblu, 134 F.3d 490, 495 (2d Cir. 1988) (citation omitted).  Petitioner does not proffer specific facts sufficient to support the suggested entrapment offense, but

rather appears to argue simply that such a defense would be "plausible."   (Motion [annexed to Petition] at 1, 2 & 6.) Petitioner's arguments in regard to counsel's alleged ineffectiveness in failing to raise an entrapment defense are also very far from being sufficient to overcome the "strong presumption of verity" attaching to his plea allocution.  <u>Blackledge</u>, 431 U.S. at 74.   Further, as the government points out (Gov't Letter Mem. at 3), petitioner, prior to his sentence, was required, in order to qualify for "safety valve" relief, to truthfully provide to the government any evidence he had concerning the offense, <u>see</u> U.S.S.G. § 5C1.2(a)(5), and he should not now, having obtained "safety valve" relief, be permitted to reverse course and claim entrapment.[2]

        As to the fact that petitioner, in the plea agreement, agreed that he had conspired to distribute 15 or more kilograms of cocaine (as against the 5 referred to in the indictment), that does not constitute an impermissible variance, but rather petitioner's admission of a fact.   Had counsel advised petitioner to plead guilty to the indictment, without a plea agreement, then, as noted (<u>see</u> n.2 <u>supra</u>), petitioner would have received a sentence of 120 months; by negotiating the plea agreement, even that agreement required petitioner's admission to 15 kilograms, counsel obtained

---

        [2] Absent "safety valve" relief, the Court would have been required by statute to sentence petitioner to a mandatory minimum sentence of 120 months of imprisonment.   21 U.S.C. § 841(b)(1)(A)(ii).

"safety valve" relief, and defendant was sentenced to 87 months.
Counsel could not have been expected to negotiate any agreement
inconsistent with petitioner's "safety valve" proffer.

As to petitioner's claim that his plea was not knowing
and voluntary, he has not shown any specific facts to support that
claim, and, even if, _arguendo_, counsel did not explain the charges
to him, the Court did at the time of petitioner's plea.

**3.**

For the foregoing reasons, the petition is denied, and
this matter is dismissed.

SO ORDERED.

Dated:   September /2, 2006

_____
Lawrence M. McKenna
U.S.D.J.

5